Minshall, J.
David Johnson was prosecuted on an indictment presented by the grand jury of the county, framed on the provisions of section 6819, Revised Statutes. The section, so far as it is applicable to this case, is as follows: “Whoever with malicious intent to maim or disfigure, cuts? bites, or slits the nose, ear or lip, cuts or disables the tongue, puts out or destroys an eye, cuts off or *423 disables a limb or any member of another person” is declared guilty of an offense punishable by imprisonment in the penitentiary. The indictment contained two counts. In the first it was charged that he maliciously “did bite the ear of one Reuben Mitchell with intent to disfigure, and, in the second, that he maliciously “did bite the ear of one Reuben Mitchell with intent to maim.” A demurrer was sustained to the second count, and, on a plea of not guilty, he was acquitted on the first count. The prosecuting attorney took a bill of exceptions to the ruling on the demurrer to the second count, and prosecutes the same here under the provisions of the statute in that regard, to test the accuracy of the ruling.
The demurrer presents the question whether the malicious biting of the ear of axxother can be charged as done with intent to maim.
There is no question, we think, but that maim as a noun, and mayhem are equivalent words, or that maim is but a newer form of the word mayhem —the difference being in the orthography and not in the sense. Webster’s Unabridged Dictionary: “Maim,” as a noun, is there defined the same as mayhem: “The privation of the use of a limb or member of the body by which one is rendered unable to defend himself or to annoy his adversary.” This is the definition of mayhem at common law. 1 East, P. C. 393; 1 Whar. Cr. Law, section 581. Hence the verb “to maim” is accurately defined in Anderson’s Law Dictionary, as follows: “To commit mayhem.” So, at common law, whatever the injury to any member of the body might be, if it did not permanently affect the physical ability of the person to defend himself or annoy his adversary, it did not amount to mayhem. Neither *424 the biting of an ear nor the slitting- of the nose was regarded as an injury of this character. Clark’s Cr. Law, 182; 3 Bl. Conn., 121. The outrage upon Sir John Coventry, who had been set upon in the street and his nose slit, for words spoken in Parliament, led to the adoption of what is known as the Coventry Act, 22 and 23 Char. II. This act made it a felony without benefit of clergy, where any one unlawfully cut out or disabled the tongue, put out an eye, slit the nose, cut off a nose or lip, or cut off or disabled any limb or member of any other person, with intent to maim or disfigure him. 4 Bl. Com., 206. Our statute is substantially the same. Any of the injuries there named, done with the intent “to maim or disfigure” is punishable by imprisonment in the penitentiary. Whether it be the biting of an ear, or the putting out of an eye, or the cutting off of a hand, each is alike regarded as a crime and punished the same way; or, in other words each is of the same degree of criminality. Section 7316, Revised Statutes.
The question in the case is, whether the second count in the indictment charges an offense against the laws of the state? It does not for reasons stated charge a maiming. Then does it charge the offense of biting the ear with intent to disfigure ? Such intent is not averred in the count; and, unless the intent to maim includes the intent to disfigure, there can be no conviction on the second count for such an offense. Evidence of an intention to disfigure would be a fatal variance from the intent laid in the count. The intent in this case must depend upon the nature of the injury, in connection with the character of the member on which it is inflicted. *425 If the member be not one of use to the person in defending himself, an injury to it cannot be said to have been done with intent to maim. It is provided, among other things, in section 7316, Revised Statutes, that: ‘‘ When the indictment charges an offense including different degrees, the jury may find the defendant not guilty of the degree charged and guilty of an inferior degree.’’ In Barber v. State, 39 Ohio St., 660, it was held that the offense of cutting with intent to kill, and that of cutting with intent to wound are offenses of the same degree, under the provisions of sections 6820, Revised Statutes, making it an offense for any one to cut another person “with intent to kill, wound or maim.” The indictment charged a cutting with intent to kill; the verdict of the jury was, “guilty of cutting' with intent to wound.” The court held that the indictment was not supported by the verdict, for the reason that the offense of cutting with intent to wound is not an offense inferior in degree to that of cutting with intent to kill. By a parity of reasoning it follows that the unlawful biting of the ear with intent to disfigure is not an offense inferior to that of biting it with intent to maim; and an indictment charging' the biting to have been done with intent to maim, would not be supported by evidence of an intent to disfigure — there would in such case, be a material variance between the proof and the allegation.
But this does not exhaust the inquiry, for the question remains, does the count charge any offense against the laws of the state, if so the court erred in sustaining a demurrer to it. Now, it seems apparent that the malicious biting of the ear of another, whether to maim or disfigure, amounts *426 to an assault and battery — an offense inferior in degree to an assault with intent to maim or disfigure — the offense charged being simply an aggravated form, of assault and battery of which the defendant could have been convicted on the count demurred to, on proof of such an offense. Heller v. State, 23 Ohio St., 582; Barber v. State, supra; 3 Bl. Com., 121.
For this reason the court erred in sustaining a demurrer to it.

Exceptions sustained.